UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Case No. 3:06-cr-0038-RLY-WGH -19 |
| ) | |
| HARRY WADDELL, JR., ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motions for Sentence Reduction**

Before the court is defendant Harry Waddell, Jr.'s motion for clarification and second motion for reduction of sentence.

**I.**

The motion for clarification of the denial of Waddell's first motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [dkt. 21] is **granted** consistent with the following.

Waddell is serving the mandatory minimum sentence of 10 years imprisonment for his crack-cocaine offense. He was sentenced in 2008. After the Fair Sentencing Act of 2010 took effect, and the Sentencing Commission reduced the Guideline ranges with retroactive effect, Waddell filed his first motion for reduction of sentence under § 3582(c)(2). Section 3582(c)(2) provides a district court with discretion to reduce an imposed term of imprisonment when a defendant was sentenced based on a guideline sentencing range that was later lowered by the Sentencing Commission with a policy statement giving retroactive effect to the reduction. *U.S. v. Purnell*, 701 F.3d 1186, 1189-1190 (7th Cir. 2012). Waddell's first § 3582 motion was denied

because his sentence already is at the statutory minimum, so he cannot receive any benefit from the lower Guidelines. See dkt. 15.

## II.

Now before the court is Waddell's second motion for reduction of sentence pursuant to § 3582. In this motion, Waddell seeks to be resentenced under the Fair Sentencing Act of 2010. This motion is problematic both procedurally and substantively.

First, Waddell is only authorized to file one motion per retroactive change in the Guidelines pursuant to § 3582(c)(2). *United States v. Redd*, 630 F.3d 649 (7th Cir. 2011). This second motion for reduction of sentence is subject to denial for this reason.

Second, the Seventh Circuit has held that persons who received a statutory-minimum sentence before August 3, 2010, cannot receive any benefit from the Fair Sentencing Act of 2010. *See United States v. Foster*, 706 F.3d 887 (7th Cir. 2013). Waddell falls into this category because he received his statutory-minimum sentence in 2008. *Dorsey v. United States*, 132 S.Ct. 2321 (2012) (finding that the 2010 Act applies only to persons sentenced on or after August 3, 2010). The only support that Waddell offers for his new motion—the decision of a panel in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), is incompatible with the law of this circuit, *see Foster*, 706 F.3d 887, and has been repudiated by the Sixth Circuit itself. *See United States v. Blewett*, -- F.3d --, 2013 WL 6231727 (6th Cir. Dec. 3, 2013) (en banc).

Accordingly, Waddell's second motion for relief pursuant to § 3582 [dkt. 62] is **denied.**

**IT IS SO ORDERED.**

Date: 2/04/2014

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Harry Waddell
Reg. No. 08353-028
Lexington FMC
FEDERAL MEDICAL CENTER
P.O. BOX 14500
LEXINGTON, KY  40512

All Electronically Registered Counsel